[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15112
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20698-RNS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK J. BALLESTEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 18, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Frank J. Ballesteros appeals *pro se* the denial of a postconviction motion that the district court treated as a motion to vacate. *See* 28 U.S.C. § 2255. We affirm.

Ballesteros filed a belated motion for a new trial based on prosecutorial misconduct. The United States argued that Ballesteros's motion should be construed as a motion to vacate and that the motion was successive, untimely, and procedurally defaulted. *See id.* The district court denied Ballesteros's motion "for [the] reasons set forth in [the] Government's Response."

Ballesteros's motion was untimely whether it was treated as a motion for a new trial or a motion to vacate. Ballesteros had to file a motion for a new trial "grounded on newly discovered evidence . . . within 3 years" after his conviction on April 10, 2012, *see* Fed. R. Crim. P. 33(b)(1), but he waited until August 28, 2015, more than four months after the deadline expired, to file his motion. And if we construe his filing as a motion to vacate, Ballesteros failed to file his motion within one year after "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1).

We deem abandoned any challenge that Ballesteros could have made to the disposition of his motion. "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Ballesteros argues that his allegations of prosecutorial misconduct are meritorious, but he fails to challenge

the decisions to construe his motion as a motion to vacate or to deny his motion as untimely and procedurally barred.

We **AFFIRM** the denial of Ballesteros's motion.